Good morning, Your Honors. I'm Terry Whitman. I'm the pro se appellant in this case. When the district court on reconsideration entered summary judgment in this case, what the district court did in real terms was to issue a Rule 12b dismissal for failure to state a claim under the guise of a Rule 56 summary judgment. This is so because the district court effectively reasoned that the material facts were irrelevant because they didn't have to get fired, transferred, or demoted. Therefore, according to the district court, the prima facie case of retaliation under the AIDS Discrimination and Employment Act did not exist. This reasoning was consistent with what counsel for the defense argued in its motion for reconsideration for dismissal for summary judgment. In the brief for the appellee, the defense now acknowledges that an action by an employer that is reasonably likely to deter an employee from engaging in protected activity. I had a lot of trouble figuring out exactly what the case was about. I gather that there was an objection to having been asked for 12 urine samples over the course of 14 years. My understanding, sir, is that that is the case that is going to be submitted. Is that the other one? This is your AIDS discrimination. Retaliation for AIDS discrimination, correct. Well, it's retaliation. Why don't you just give us a brief summary of the facts? Okay. Pressure was applied to me by the EEO counselor in the final counseling session. Did you get fired, demoted? No, Your Honor, I did not. And that was the district court's finding that there was no prima facie case, which should have been a Rule 12b dismissal, which the district court initially denied when the defense filed a motion for that. I couldn't tell what bad thing happened to you and what evidence there is that it was because of your age. Well, I was participating in an AIDS discrimination complaint, and the actions taken by the EEO counselor and her supervisor and other EEO counselors that were associated with the case were not in accordance with the regulations. Well, what I understand was the retaliation that you're alleging was that there was this training program that was supposed to be being offered to you and to others in your group, which they threatened to take away if you pursued your AIDS discrimination claim. The final counseling session was the first time I heard anything about that, and it was going to be applied to all my coworkers and me. And it was never the subject for negotiation because EEO representatives cannot broker settlement negotiations. And, in fact, in the record, there was no tab. There was under a tab D or E for the report of investigation submitted by the defense. There was nothing to indicate that there were any settlement negotiations, and in order for that to be valid, I would have had to have been notified. Let's assume that they violated regulations right and left, that they just didn't do things right. I still don't understand what they did to you. It's a violation of my rights to be free from interference in pursuing a complaint of AIDS discrimination. Okay. You filed a complaint for AIDS discrimination. Yes. What bad thing did they do to you to retaliate against you for filing the complaint? Well, they were applying pressure, and then there were – I don't understand what that means, applying pressure. Well, the discussion about the training program, which I had not previously known about, was intended to make me feel like I was somehow going to ruin it for all the rest of my fellow employees if I didn't accept an extension to this. What is not mentioned there is that I had initially chosen a representative for my complaint, and that was shot down by saying that I would need to extend the time for the complaint investigation because he's going to become a manager, and they somehow alleged that that was improper because that would pit a manager against a manager. There's nothing in the regulations that states that. Then this new claim about this training program was put upon me at the final counsel. So it's basically that if you were going to pursue your EEOC complaint, you and your group, other people, would be penalized in some way for your pursuing this activity. Correct. And then when the EEOC counselor's report was submitted, there were some notable discrepancies and some omissions that I felt should have been added as part of the factual record in a section there. The EEOC counselor seemed to make it look like the negotiations were in progress for this training program. When that happened, the date on that was three days before the EEOC counselor even knew what I was doing. This training program, was this training program something that would be good for you, some benefit to you? Probably would, yes. I thought it was a training program for interns or something. No. It was just a training program for all of flight data, and that had been proposed 12 years earlier just to appease us, and that never came about. And that was being raised again as something to possibly make this complaint go away, but it wasn't what I was negotiating for. I had a position taken away from me that I was well qualified for, and that was given to someone who was 15 years my junior out of a student intern program during a hiring freeze. That was your underlying complaint. That's correct. Right, and this was the one that after you started pursuing that one, this was your second complaint that was retaliation for the underlying complaint. That's correct, Your Honor. What happened to the underlying complaint? It is now before the district court. We have not yet, well, discovery has been authorized, and I'm going to proceed with that as soon as I'm done here. So the EEOC said you had a reasonable basis to proceed before the district court. You're talking about in the administrative processing of the underlying complaint? Right. No, they found no discrimination. No discrimination, but you still filed it in the district court. Right, I have the right to do that within 90 days after all administrative processing has ceased. Okay, and then, so that all is going on still, and so your complaint in this one is that they were holding out this department-wide program for you and others that you found desirable, and did they take it away, or they're threatening to take it away? Well, they're saying that they never took it away because it was part of settlement negotiations, but EEO counselors cannot broker settlement negotiations. Okay, now, originally the district court said your suit couldn't stand because the counselor wasn't your employer. Correct. That's the basis for the opinion we're reviewing. Right, and now the defense has changed this argument, shifting it to what evidence was on the record. The district court essentially ruled that there was no prima facie case because I didn't get fired, demoted, or transferred. By an employer. I mean, they made a distinction, right, between the counselor and the employer. Well, the holdings of this circuit referring to other circuits, such as the Seventh Circuit in Knox v. Indiana, indicate that it does not have to be an employer or a supervisor. Fellow employees can make the employer liable for retaliation if the employer is aware of it. So the government now doesn't argue that basis because, in fact, it was Kramer and the counselor who got together to stop. Now, they characterize all of this as settlement negotiations, and you characterize it as retaliation. Correct. But now the defense has shifted to what evidence is sufficient in order for me to defeat summary judgment. But in my various filings, both before this court and before the federal district court, I pointed out discrepancies in the evidence that the defense submitted that would raise genuine issues of material fact. So you have to come forward with more than a scintilla of evidence in dispute. So what is it? What's your evidence? Well, my best evidence was tied up in administrative processing. That was the EEO counselor's report, which was incorporated in the report of investigation, which was still on appeal before the Office of Federal Operations for the EEOC in Washington, D.C. And that happened because the defense has shifted back and forth between wanting to consolidate, expressing a desire to consolidate the case, and then opposing consolidation of the complaint. Okay. Where in the excerpts of record is your best evidence, this report that I'm supposed to look at? It wasn't there because it would have jeopardized both cases if I had submitted it. So you did not submit it? I was unable to submit it according to the public law that pertains to it. In any event, what you say is the best evidence that you were discriminated against we don't have in the excerpts of record? Correct. What about other evidence? Well, I believe that I have shown pretext in the defense's explanations by pointing to their evidence that's on the record. Plus, this Court has ruled that allegations of material fact must be taken as true for purposes of summary judgment. But that's because you verified those papers, right? But those papers, I think, they're in the record of the district court, but they were not in the excerpts. Correct. Thank you, counsel. Good morning, Your Honors. I'm Ulyss Yellen from the Department of Justice. Excuse me, here today on behalf of the FAA. Your Honors, at base, the problem with Mr. Whitman's case is that he did not submit evidence to survive summary judgment for each element of his prima facie case. Most centrally, he submitted zero evidence concerning motivation. He alleges left, right, and center that the various EEO officers acted with malice, but he never produced any evidence whatsoever, nor does he point to any evidence to this Court showing that there was any malice other than conclusory allegations. For example, in his informal brief at page 62, he says, it should be clear that all of this is motivated by discriminatory animus. But he doesn't point to any basis for any evidence for this Court to look at or for the district court to have looked at to determine that there might have been some discriminatory motive. Without some evidence to support each element of his claim, and malice or improper motive is one of those elements, Mr. Whitman's case could not survive summary judgment. Mr. Whitman's rests on the notion that some of his pleadings were verified. I'd like to point out that his complaint was not verified. About midway through motion practice, Mr. Whitman did start to sign his pleadings under affirmation. But those pleadings are only evidence to the extent that they relate to personal knowledge. Again, those pleadings have allegations of malice, but there is no evidence other than the conclusory allegations. And the Court has repeatedly held that a party may not survive summary judgment by resting solely on conclusory allegations in an affidavit. You're aware that our law does say that verified facts asserted in documents filed with the Court, which some of his documents are verified and in the record, that that is evidence. Yes, Your Honor. It's a declaration. Yes, Your Honor. Our brief said that there was no evidence whatsoever. That was not completely correct. I had not – I looked at the complaint, noticed it wasn't verified. I did not notice when briefing. You can read the rest of the pleadings. Because they're evidence, and the summary judgment standard is that all you have to do is produce a scintilla, more than a scintilla of evidence, to create a genuine issue of trialable fact. As to each evidence, Your Honor. I mean, excuse me, as to each element of the complaint. And there is no evidence at all, not even a scintilla, concerning at the very least motivation. Mr. Whitman asserts that there was improper motivation, but there is no evidence whatsoever that any of the injuries that he complains of were because of improper motivation. Would you agree that if he were told that a program that would benefit him and others in his department would be taken away if he pursued his EEOC complaint, his evidence of retaliatory motive? Well, Your Honor, that's actually not what happened, and not even – Mr. Whitman cannot deny, and you can ask him directly on rebuttal. And we said this in our brief and gave him an opportunity to respond to it. This was the – there was no training program that was in existence that was going to be taken away. EEOC officers, contrary to Mr. Whitman's assertion, can help broker settlements. They have to be neutral parties. They can't take a side. They can't take the government side or the employee side, but they certainly can broker settlements. And Mr. Whitman's supervisor suggested as a possible basis for settlement certain training opportunities. Mr. Whitman refused to continue. They were up against the deadline for the informal phase of the – of this complaint, and Mr. Whitman refused to continue the informal phase of the complaint. He admits this in his brief to this Court and in his pleadings below. And that's why the settlement – the offer of training fell apart, because Mr. Whitman would not continue the informal aspect. So the record – there is just no material – dispute of material fact concerning that training opportunity, Your Honor. It isn't that the government offered something and then said, we're going to take it away because you're pursuing this complaint. But, you know, it seems to me that there's at least an issue here of whether the statements that were made, whether they were made in the context of settlement negotiations or not, were intended to dissuade or detour Mr. Whitman from pursuing his claim. And the record is so incomplete on this. And the district court went off and rolled on a completely different area. It just seems to me that Mr. Whitman should have the opportunity to, you know, do discovery, given he's saying one thing today and you're saying another thing. To me, that's – the question is whether summary judgment's appropriate. Yes, ma'am. And you're disputing facts right and left. And his facts are in his papers. Well, ma'am, he had an opportunity for discovery. He took discovery. He did not submit evidence to the Court. He had an opportunity to do so, and this Court's – Did he comply with all of his discovery requests? Absolutely, Your Honor. There was a dispute about the format of one piece of discovery. There was a former FAA employee who was no longer employed by FAA. Originally, her response to interrogatories was in the form of an email, and it wasn't a sworn affidavit. Did the government produce evidence from the administrative record? The government produced – responded to all of the interrogatories that Mr. Whitman requested. That doesn't answer my question. Did the government produce evidence from the administrative record? I'm not sure what – I don't know, Your Honor. I mean, the government produced everything. I suppose – you mean, for instance, the report? The underlying reports. I believe that Mr. Whitman had a copy of the underlying report. He asserted that he couldn't submit it to the Court because of the Privacy Act. He seems to think the Privacy Act precluded him from submitting this report to the Court. That would be mistaken. The government has the burden on summary judgment of producing evidence to support its entitlement to summary judgment. I'm just asking, did you produce the evidence? The government has the burden to argue that there's no genuine issue of material fact and to point out the lack of material – genuine issue of material fact. And then it's the plaintiff's burden to establish – To come back with more than a scintilla of evidence to defeat summary judgment. Yes, Your Honor. And he has not produced any evidence at all on motivation other than conclusory allegations in his complaint. Well, I don't know. It depends how you read this verified material, I guess. Well, Your Honor, even with the verified material, I mean, unless you're going to infer – I think in Carmen, we held – we had a case where summary judgment would be barred if you looked at all the material the plaintiff submitted. But there was no genuine issue if you just looked at the material that was submitted in support of and in opposition to the summary judgment motion. And we held that it was incumbent upon the party resisting summary judgment to submit the material with the opposition or within the opposition to point to the material. In other words, to say in the memorandum, look at such and such a declaration filed at an earlier time. Yes, that's – That was not done here, Your Honor. And you're precisely right. That's entirely consistent with this Court's long line of cases concerning summary judgment. We held that in Carmen. We said the district judge doesn't have to read all the papers in the file. Exactly, Your Honor. And Mr. Whitman, as I said, was under a mistaken assumption about his ability to produce evidence. He thought he was barred by law. That's incorrect. But he had evidence that he could have submitted, and he chose not to do so. And it is the plaintiff's burden to show once summary judgment is moved forward, there is no question that the basic rule is that the plaintiff resisting summary judgment has to point to a genuine issue of material fact by pointing to the evidence in the record for the district court so the district court can see that a genuine issue exists. I think the rule in Celotex was that the movant need only point to those matters on which the respondent has the burden of proof, and then the party with the burden of proof has to submit evidence cognizable under Rule 56C such that for a jury to accept its truth, it could properly return a verdict in favor of the respondent. Is that correct? That's exactly correct, Your Honor. That's exactly Celotex's holding. And Mr. Whitman had the burden here of proving that he engaged in a protected activity, that there was an adverse action, and that there was a connection, namely a motive, connecting the adverse action to the protected activity. He utterly failed to point to any evidence whatsoever about motive, and all he has, all he pointed to in the district court, and all he points to in this court is a conclusory allegation. As I quoted before, it should be clear that all of this was motivated by discriminatory animus. Mr. Whitman had the burden to establish discriminatory animus, and his say-so alone is not sufficient to create a genuine issue as to motive. The Court has no further questions. Thank you, Your Honors. Thank you, counsel. The appellant already exhausted his time, so Whitman v. Mineta is submitted. Next we'll hear Logan v. Columbia Alaska Regional Hospital. Please proceed.
judges: Hall, Kleinfeld, Wardlaw